[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 13-15155
Non-Argument Calendar

D.C. Docket No. 1:04-cv-02592-ODE

DENNIS SMITH,
Individually and on behalf of all others similarly
situated,

                    Plaintiff - Appellant,

JACKLIN TOMA,

                    Consol. Plaintiff,

IVONNE BERMUDEZ,

                    Intervenor Plaintiff,

versus

DELTA AIR LINES INC.,
GERALD GRINSTEIN,
LEON PIPER,
ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC.,
BENEFIT FUND INVESTMENT COMMITTEE, et al.,

                    Defendants - Appellees,

PERSONNEL & COMPENSATION COMMITTEE, et al.,

                                                                      Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 17, 2014)

Before HULL, MARCUS and DUBINA, Circuit Judges.

PER CURIAM:

      This appeal involves a punitive class action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against defendants Delta Air Lines, Inc. and the fiduciaries of a benefit plan offered by Delta to its employees that provided for investment in Delta stock. Dennis Smith, the class representative, is a former Delta employee who participated in the Plan and lost money when the price of Delta stock declined between 2000 and 2004.

      In March 2006, the district court dismissed Smith's complaint for failure to state a claim. While an appeal of that decision was pending, this court decided *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267 (11th Cir. 2012), which clarified the legal standard for evaluating ERISA claims against plan fiduciaries arising out of investments in employer stock as envisioned in an employee stock ownership

2

program ("ESOP"). Because the district court did not have the benefit of *Lanfear* when it issued its order, we remanded the case with instructions to apply *Lanfear* to Smith's complaint. The district court complied with our mandate and applied *Lanfear* to the allegations in Smith's complaint and once again concluded that Smith had failed to state a claim. It is from that order of dismissal that Smith perfects this appeal.

The district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. See *Edwards v. Prime, Inc.* 602 F.3d 1276, 1291 (11th Cir. 2010). The allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Id.* Dismissal for failure to state a claim is proper if the factual allegations are not "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

After reviewing the record and reading the parties briefs, we conclude that the district court correctly applied the highly deferential abuse of discretion standard as set forth in *Lanfear* to the allegations contained in Smith's complaint. *Lanfear*, 679 F.3d at 1279. The *Lanfear* standard applies to fiduciaries of ESOP plans as well as other ERISA plans that "encourage or require investment in

employer stock." *Id*. at 1278 n.14.  Here, the Plan required defendants to offer a Delta Common Stock Fund as an investment option for participants' voluntary contributions and required that company matching contributions be made in Delta stock.  We agree with defendants that at the very least, the Plan's many provisions addressing investments in Delta stock made clear that defendants were "encouraged" to offer employer stock as an investment option for participants.  That is all that is required to bring this case within the scope of *Lanfear*.

Although it is uncontroverted that during the period in question Delta faced business challenges, the Plan required defendants to offer participants investments in Delta stock, and defendants continued to abide by those provisions.  Smith contends that with the benefit of hindsight, defendants should have known Delta's turnaround efforts would fail.  But that was not at all obvious at the time, as underscored by market movements during the class period.  Because a reasonable fiduciary could have concluded that investments in Delta stock during the class period remained appropriate, Smith's prudence claim fails.

Accordingly, for the reasons stated above, as well as those contained in the district court's well-reasoned order filed on November 1, 2013, we affirm the judgment of dismissal.

**AFFIRMED**.

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 17, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-15155-DD
Case Style: Dennis Smith v. DAL, et al
District Court Docket No: 1:04-cv-02592-ODE

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Richardson, DD at (404) 335-6176.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs